# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| DWARVEN FORGE, LLC,<br>    *Plaintiff*,<br><br>v.<br><br>LAWRENCE,<br>    *Defendant.* | No. 3:17-cv-2053 (VAB) |

## RULING AND ORDER ON DISCOVERY DISPUTES

On December 7, 2017, Dwarven Forge, LLC ("Plaintiff") initiated this lawsuit against ("Defendants") alleging (1) unfair competition; (2) infringement of common law trademark rights; and (3) unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a). Compl., ECF No. 1 (Dec. 7, 2017).

On October 22, 2019, the Court granted the parties' second motion for a discovery conference. Order, ECF No. 78 (Oct. 22, 2019); *see* Second Mot. for Disc. Conf., ECF No. 77 (Oct. 18, 2019). Consistent with the Court's order, the parties submitted filings relevant to outstanding discovery disputes. *See* Docket Entries, ECF Nos. 79-81.

On November 8, 2019, Defendants submitted a brief regarding outstanding issues with Plaintiff's responses to interrogatories 1, 2, 6, 8, 9, and 18. Defs.' Brief Regarding Disc. Dispute, ECF No. 79 (Nov. 8, 2019) ("Defs.' Br."). Defendants request an order requiring Plaintiff to serve amended responses that (1) confirm it is not withholding documents on the basis of their objections; (2) indicate which documents – by bates number – are responsive to each request; (3) indicate requests for which Plaintiff has no responsive documents; (4) provide adequate contact information beyond mere e-mail addresses for witnesses relevant to interrogatory 18 or be precluded from eliciting testimony from the identified individuals. *Id.* at 7-9. Defendants also

1

seek sanctions "in an amount sufficient to cover the cost of Defendant's attorneys' fees for having to file the instant motion, and the efforts expended trying to root canal proper responses from Plaintiff since the prior Discovery Dispute Hearing." *Id.* at 9.

On November 15, 2019, Plaintiff responded that (1) it has provided a finite list of documents in the signed answer provided to Defendants; (2) it has produced all relevant documents not protected by attorney-client privilege and has provided specific document numbers, even though such specificity is allegedly not required by the Federal Rules of Civil Procedure; (3) it has identified the key witnesses for interrogatory 18 and provided all contact information available to it, which is limited to e-mail addresses; (4) it has provided a list of documents responsive to specific discovery requests and has "repeatedly stated to Defendants [sic] counsel that all documents found responsive to the documents requests that are not protected by privilege have been produced;" and (5) no documents are currently being withheld, except for communications between counsel and Plaintiff. Pl.'s Response and Opp. to Defs.' Br., ECF No. 80[1] at 1-2 (Nov. 15, 2019).

Recently amended on December 1, 2015, Rule 26(b)(1) of the Federal Rules of Civil Procedure recognizes that "[i]nformation is discoverable . . . if it is relevant to any party's claim or defense and is proportional to the needs of the case." Fed R. Civ. P. 26, Advisory Committee Notes to 2015 Amendments. But "district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016). "A trial court enjoys wide discretion in its handling of pre-trial discovery[.]" *Cruden v. Bank of N.Y.*, 957 F.2d 961, 972 (2d Cir. 1992). Additionally, Rule 37 allows the Court to impose a variety of sanctions for discovery-related

---

[1] Plaintiff also filed what seems to be an identical response, *see* Pl.'s Response and Opp. to Defs.' Mot., ECF No. 81 (Nov. 15, 2019), so the Court only refers to the earlier filed response.

abuses and affords the Court "broad discretion in fashioning an appropriate sanction." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 101 (2d Cir. 2002); *see also Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991) ("Provided that there is a clearly articulated order of the court requiring specified discovery, the district court has the authority to impose Rule 37(b) sanctions for noncompliance with that order.").

Consistent with this Court's authority to manage its docket with a view toward the efficient and expedient resolution of a case, *see Dietz*, 136 S. Ct. at 1892, the Court orders Plaintiff to serve amended responses or file an affidavit signed by counsel that:

(1) Confirms Plaintiff is not withholding any relevant documents on the basis of anything besides attorney-client privilege or the work-product doctrine;

(2) Indicate by bates number which documents are responsive to each discovery request; and

(3) Provides adequate contact information for the witnesses in interrogatory 18. If Plaintiff does not reasonably have access to this contact information, then Plaintiff will be precluded from eliciting testimony from these witnesses.

Plaintiff must serve amended responses or file an affidavit signed by counsel, consistent with this ruling and order, by **January 10, 2020**. The Court will also issue a separate amended scheduling order. At this point, the Court will not be imposing sanctions because the parties' filings adhere to the Court's order on how it will handle these outstanding discovery disputes. *See* Order, ECF No. 78.

**SO ORDERED** at Bridgeport, Connecticut, this 12th day of December, 2019.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge